UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL RHODES**<br>    LA. DOC #364469<br>VS. | **CIVIL ACTION NO. 5:12-cv-2937**<br><br>**SECTION P**<br><br>**JUDGE TOM STAGG** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Michael Rhodes, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus (28 U.S.C. §2254) on November 7, 2012. Petitioner attacks his 1996 second degree murder conviction and the life sentence imposed by Louisiana's Second Judicial District Court, Bienville Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

*Background*

In 1996, petitioner was convicted of second degree murder and sentenced to serve life without parole by Louisiana's Second Judicial District Court, Bienville Parish, under Docket No. 30,870. His conviction was affirmed by the Second Circuit Court of Appeals on January 22, 1997 (*State of Louisiana v. Michael Rhodes*, 29,207 (La. App. 2 Cir. 1/27/1997), 688 So.2d 628, and writs were denied by the Louisiana Supreme Court on September 26, 1997 *(State of Louisiana v.*

*Michael Rhodes*, 97-0753 (La. 9/26/1997), 701 So.2d 980). Subsequent attempts to obtain post-conviction relief in the State courts likewise failed. (*See Rhodes v. Cain*, 2002-0941 (La. 2/14/2003), 836 So.2d 118.

On July 8, 2003, he filed a petition for *habeas corpus* relief in this Court. He attacked the 1996 murder conviction claiming juror misconduct and the erroneous denial of his application for post-conviction relief by the State courts. On January 8, 2004, his petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). *Michael Rhodes v. Warden, L.S.P.*, Civil Action No. 5:03-cv-1299 at Docs. 1 (Petition), 3 (Report and Recommendation, Magistrate Judge Roy Payne) and 4 (Judgment, District Judge S. Maurice Hicks.)  He did not appeal.

He returned to the Louisiana courts for another unsuccessful round of post-conviction litigation which ended when the Supreme Court denied writs on September 4, 2009. *State of Louisiana v. Michael Rhodes*, 2008-2317 (La. 9/4/2009), 17 So.3d 949.

Then, on September 18, 2009, he filed a second petition for *habeas corpus* in this Court alleging that the Louisiana courts erroneously denied his post-conviction applications; he also argued actual innocence.  He again attacked his 1996 murder conviction. On November 10, 2009, Magistrate Judge Mark L. Hornsby determined that the petition was second and successive and stayed the proceedings for 60 days to allow petitioner time to seek permission for filing his successive petition.  When he failed to obtain such permission, his petition was stricken from the record and his successive *habeas* action was closed. *Michael Rhodes v. Burl Cain, Warden*, Civil Action No. 5:09-cv-1669 at Doc. 1 (petition), 4 (Stay Order, Magistrate Judge Hornsby) and 9 (Strike Order, Magistrate Judge Hornsby).

Meanwhile, on December 28, 2009, petitioner sought permission to file his successive petition from the Fifth Circuit Court of Appeals. On March 2, 2010, his motion was denied. *In re: Michael Rhodes*, 09-31223 (5th Circuit).

His subsequent attempts at obtaining state post-conviction relief were denied on March 9, 2012 (*State of Louisiana ex rel. Michael Rhodes v. State of Louisiana*, 2011-1220 (La. 3/9/2012), 84 So.3d 545) and August 22, 2012 (*State of Louisiana ex rel. Michael Rhodes v. State of Louisiana*, 2012-0343 (La. 8/22/2012), 97 So.3d 372).

As noted above, he filed the instant petition on November 7, 2012. He again attacks the 1996 conviction this time arguing that the prosecution withheld evidence that a state's witness withheld evidence and falsified his credentials in order to obtain the conviction and that petitioner was otherwise denied a fair and impartial trial. [Doc. 1]

Meanwhile, on November 9, 2012, he filed a motion for authorization to file a successive petition in the Fifth Circuit raising claims identical to those raised herein. That motion remains pending at this time. *In re: Michael Rhodes*, No. 12-31147.

## *Law and Analysis*

As petitioner is clearly aware, Title 28 U.S.C. §2244(b)(3)(A) provides, "<u>Before a second or successive application</u> ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This petition is successive and petitioner has not yet received permission from the Court of Appeals to file it in the District Court.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is

appropriate. Transfer of this case is appropriate since petitioner's motion for authorization remains pending before the Fifth Circuit at this time.

Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, January 30, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE